## CIRCUIT COURT OF LANCASTER COUNTY

Board of Supervisors
of Northumberland County
and Sterling Lee Bowles,
Sheriff, Northumberland County

v.

Board of Supervisors
of Lancaster County

April 7, 1977

By JUDGE JOHN A. JAMISON

Suit is brought by Northumberland County to recover of Lancaster County the sum of $2,944.00 allegedly due by reason of the former County's having kept Lancaster County prisoners ordered transferred there by the Circuit Court. This sum is said to represent 368 prisoner days at $8.00 each, less a credit of $816.74 previously paid by Lancaster County, or a net claimed of $2,127.26.

Section 53-179 of the Code of Virginia provides for reimbursement by the Commonwealth to a locality its reasonable costs for the lodging and feeding of prisoners from another locality. Such reasonable costs were fixed by the Board of Supervisors of Northumberland County at $8.00 per prisoner day. However, Northumberland County took the position at the hearing that $8.00 per day was not necessarily to be applied to room and board, or the "keep" of prisoners, for the reason that Section 53-179 provided that many other items such as furniture, laundry equipment, clothing, medicines, water, heat, disinfectants, etc., were also reimbursable by the Commonwealth to Northumberland and that the amount of $2,127.26 reimbursed by the Commonwealth to Northumberland should be applied to these "capital items" rather than to Northumberland's costs to "room and board" Lancaster's prisoners. Perhaps,

from Northumberland's viewpoint, this makes sense. However, the minutes of the meeting of October 9, 1975, of the Northumberland Board reveal that, "[u]pon motion of John H. Harding, Jr., duly seconded by Driscoll H. Pittman and unanimously carried, the Board set a fee of $8.00 per prisoner day for prisoners from other counties being held in Northumberland County jail."

It seems to me that a reasonable interpretation of this action by Northumberland's Board is simply to charge other counties $8.00 per prisoner day for the other county's prisoners and that room and board for Lancaster's prisoners is what Northumberland applied to the Commonwealth for reimbursement. It is now Northumberland's position that such Commonwealth reimbursement was for the items mentioned in Section 53-179 other than food and lodging and that Lancaster still owes Northumberland for such food and lodging.

I do not believe that Northumberland can claim two separate reimbursements, one from the Commonwealth and another from Lancaster. Repeated reading of the three Code sections cited by counsel and of other provisions of the Code, reveal no provision for county's entitlement to reimbursement from both the Commonwealth and the other county for the same "prisoner day," and which would double the "reasonable amount" which in this case was set by Northumberland County on October 9, 1975.

I must, therefore, hold that because the Commonwealth has reimbursed Northumberland for its claim in the amount of $2,127.26 and since Lancaster County paid the remaining sum of $816.74; and further, since the sum of these figures, or $2,944.00, represents the amount sued for and already realized, judgment must be in favor of the Defendant, Lancaster County.